UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**     **CRIMINAL NO. 6:24-CR-206-01**

**VERSUS**     **JUDGE DAVID C. JOSEPH**

**GARY HAYNES**     **MAGISTRATE JUDGE WHITEHURST**

## MEMORANDUM RULING

On August 19, 2025, the Court heard argument on two motions in limine filed by Gary Haynes (hereinafter, "Defendant" or "Haynes"): (i) a MOTION IN LIMINE TO EXCLUDE 404(B) EVIDENCE AND INCORPORATED MEMORANDUM [Doc. 55] and (ii) a MOTION FOR BILL OF PARTICULARS AND INCORPORATED MEMORANDUM [Doc. 59]. The Government filed responses [Docs. 68 and 69, respectively]. The Court, having considered the motions and the argument presented at the hearing, finds that the Motion in Limine [Doc. 55] is GRANTED in part and DENIED in part and the Motion for Bill of Particulars [Doc. 59] is DENIED.

### BACKGROUND

On September 19, 2024, a grand jury in the Western District of Louisiana returned an Indictment charging Defendant with Conspiracy to Engage in Bribery Concerning Programs Receiving Federal Funds; Bribery Concerning Programs Receiving Federal Funds; Use of a Facility in Interstate Commerce in Aid of Bribery (two counts); Conspiracy to Commit Money Laundering; and Obstruction of Justice. [Doc 1]. The Indictment alleges that the Defendant, in his capacity as an Assistant District Attorney in the 15th JDC's District Attorney's office, conspired with others

to direct participants in the District Attorney's Pretrial Intervention ("PTI") program to obtain services from certain companies with which Defendant had agreed to receive kickbacks from the referrals. [Doc. 1]. The Indictment further alleges, *inter alia,* that the Defendant persuaded others to destroy evidence of this scheme. *Id.* Trial in this matter is currently set for September 8, 2025. [Doc. 30].

In ruling on the Defendant's motions, the Court advises and reminds counsel that a ruling on a motion in limine is only a preliminary ruling and is subject to reconsideration during the course of trial once evidence has been presented. *Ohler v. United States*, 529 U.S. 753, 758, 120 S. Ct. 1851, 1854, 146 L. Ed. 2d 826 (2000).

## LAW AND ANALYSIS

### I. FRE 404(b) Evidence

On July 10, 2025, the Government filed a NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FRE 404(B) [Doc. 37], stating that it intended to introduce the following at trial: (i) evidence that the Defendant attempted to join another alleged bribery scheme involving the Louisiana Department of Wildlife and Fisheries (the "LDWF" scheme); (ii) evidence that the Defendant accepted bribes from other unindicted co-conspirators; and (iii) evidence that the Defendant was familiar with federal law enforcement's methods of investigation because his wife had been previously convicted of bribery. *Id.* at pp. 4-12. On August 11, 2025, the Defendant filed a MOTION IN LIMINE TO EXCLUDE 404(B) EVIDENCE [Doc. 55] in which he objects to the admissibility of all the aforementioned evidence.

In his motion, Defendant argues that evidence of his alleged attempt to join the LDWF scheme is extrinsic to the offenses charged because the LDWF scheme is unrelated, does not establish how the PTI scheme was structured and/or operated, had a different *modus operandi*, and involved different co-conspirators.[1] [Doc. 55, pp. 4-9]. The Defendant also argues that such evidence does not pass muster under Rule 404(b) because the Government has no need for such extrinsic evidence; the two schemes are not similar or related temporally; and the risks of undue prejudice, confusing the issues, misleading the jury, and needlessly presenting cumulative evidence are high. *Id.* at pp. 9-11. Similarly, Defendant contends that Rule 403 deems any evidence that he allegedly accepted bribes from unindicted co-conspirators inadmissible. *Id.* at p. 12. Lastly, Defendant avers that any evidence regarding his knowledge or awareness of his wife's 2012 bribery conviction is inadmissible because it is wholly irrelevant to the charged offenses and would be improper to put before the jury. *Id.* at pp. 12-15.

In response, the Government avers that the LDWF scheme is intrinsic evidence because it shared the same *modus operandi* as the PTI scheme and the two schemes existed concurrently, with the LDWF scheme beginning eight months before the PTI scheme. [Doc. 69, pp. 6-7]. For example, the Government highlights that the relevant co-conspirators often discussed both schemes at the same time. *Id.* at p. 7. In the alternative, the Government asserts that such evidence is admissible under

---

[1] Specifically, Defendant contends that "[a]lthough Guidry and Franques are associated with both schemes, the schemes are completely separate and involve different participants." [Doc. 55, p. 6].

Rule 404(b) because (i) the evidence has high probative value because intent is a key issue at trial; (ii) the two schemes are virtually identical; (iii) the schemes occurred concurrently; and (iv) the Court can give extensive limiting instructions to counteract the prejudicial effect of such evidence. *Id.* at pp. 8-11. As for evidence of Defendant's acceptance of bribes from unindicted co-conspirators, the Government contends that such evidence is clearly intrinsic because it involves the exact same scheme as charged in the Indictment. *Id.* at p. 12. Lastly, the Government maintains that evidence of Defendant's wife's 2012 bribery conviction is admissible to demonstrate his "awareness that an official proceeding was pending or likely to be instituted, and that such official proceeding was a federal proceeding." *Id.* at p. 13.

    a. *Governing Law*

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence is typically admissible if intrinsic to the crimes charged. *United States v. Age*, 136 F.4th 193 (5th Cir. 2025). "'Other act' evidence is intrinsic when the evidence of the other act and evidence of the crime charged are inextricably intertwined' or both acts are part of a single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged.' This evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place." *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996). "[R]ule 403 should generally not be used

to exclude intrinsic evidence, because intrinsic inculpatory evidence is by its very nature prejudicial." *United States v. Sudeen*, 434 F.3d 384, 389 (5th Cir. 2005).

"Evidence is intrinsic to a conspiracy if it is relevant to establish how the conspiracy came about, how it was structured, and how the appellant became a member." *United States v. Watkins*, 591 F.3d 780, 784 (5th Cir. 2009). Other relevant considerations include whether the conduct involved the same *modus operandi* and co-conspirators, along with the temporal proximity between the previous and charged conduct. *See id.* at 785. Furthermore, "where a conspiracy is charged, acts that are not alleged in the indictment may be admissible as part of the Government's proof[,]' such as 'evidence of acts committed pursuant to a conspiracy and offered to prove the defendant's membership or participation in the conspiracy[.]'" *Age*, 136 F.4th at 220.

If evidence is extrinsic, courts in the Fifth Circuit ask two questions to determine the admissibility of such evidence under Rule 404(b): (i) "is the extrinsic evidence relevant to an issue other than the defendant's character[;]" and (ii) does the evidence "possess probative value that is not substantially outweighed by undue prejudice." *United States v. Cockrell,* 587 F.3d 674, 678 (5th Cir. 2009). Rule 404(b)(2) provides examples of when the first prong of this test is met, such as for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." "At [the] second step, this Court considers four factors: (1) the [G]overnment's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *Age*, 136 F.4th at 220.

b. *Analysis*

i. *Defendant's Attempt to Join the LDWF Scheme*

To start, the Court finds that evidence of Defendant's attempt to join the LDWF scheme is likely not intrinsic to the charged offenses. While the schemes were indeed similar – both involving kickbacks from private companies in return for directing individuals seeking government action to use their services – Defendant did not have authority over the LDWF scheme like he did the PTI program at the District Attorney's Office. The Court is not convinced that these two instances are one singular conspiracy, as opposed to two independent conspiracies, because the two schemes involved different state agencies and different co-conspirators exercising authority over such programs. *Contra Watkins,* 591 F. 3d at 785. The LDWF scheme is not needed to "complete the story of the crime of the trial." *Age*, 136 F.4th at 221. It is true that evidence of the LDWF scheme would help establish "the nature of the relationship among the co-conspirators and the existence of an ongoing" conspiracy to defraud the government. *United States v. Williams,* 277 F. App'x 472 (5th Cir. 2008). But considering the totality of circumstances, the Court finds that evidence that Defendant attempted to join the LDWF is likely extrinsic to the offenses charged in the Indictment.

Regardless, the Court finds that this extrinsic evidence is admissible under Rule 404(b)(2) to prove Defendant's intent in engaging in the charged conduct to receive financial benefit. Specifically, evidence of Defendant's attempt to join the LDWF scheme – which was similarly structured and involved many of the same co-

conspirators – is probative evidence that the Defendant possessed the requisite intent to enter into the PTI conspiracy to corruptly accept kickbacks. "A finding that the offenses involved the same state of mind renders the extrinsic offense relevant to an issue other than character because it lessens the likelihood that the defendant acted with lawful intent in connection with the charged offense." *United States v. Gordon*, 780 F.2d 1165, 1173-74 (5th Cir. 1986), *citing Beechum*, 582 2d. at 911. *See e.g. United States v. Fortna,* 796 F.2d 724 (5th Cir. 1986) (evidence of the defendant's involvement in previous narcotics smuggling operations was admissible to establish the defendant's intent for the cocaine conspiracy charged in the pending indictment); *United States v. Heard*, 709 F.3d 413 (5th Cir. 2013) (evidence of the defendant's prior bankruptcy fraud was admissible to show intent in a conspiracy to defraud the IRS because it established his intent to further the conspiracy).

And such evidence is not "substantially outweighed by undue prejudice." *Cockrell,* 587 F.3d at 678. To start, "[e]xtrinsic evidence has high probative value when intent is the key issue at trial." *United States v. Juarez*, 866 F.3d 622, 627 (5th Cir. 2017). Here, the Court finds that intent is a central issue in this case, rendering this extrinsic evidence highly probative. Furthermore, the Court finds that the similarities between the two schemes further enhance the probative value of this extrinsic evidence. It is true that "[s]imilarity between the prior and charged offenses increases both the probative value and prejudicial effect of extrinsic evidence." *Id.* at 628. But "'the probative value of the extrinsic offense [also] correlates positively with

its likeness to the offense charged.'" *Id.* Weighing these factors, the Court finds that the probative value of this evidence outweighs the danger of undue prejudice.

### ii. Bribes from Unindicted Co-Conspirators

On the other hand, the Court finds that evidence that Defendant accepted bribes from other unindicted co-conspirators in the alleged PTI scheme is intrinsic to the charged conduct and therefore admissible. It is fundamental that "'[a]cts committed in furtherance of the charged conspiracy are themselves part of the act charged' and therefore qualify as intrinsic evidence." *United States v. Ceballos,* 789 F.3d 607, 621 (5th Cir. 2015). *See also United States v. Powers,* 168 F.3d 741, 749 (5th Cir. 1999) (non-pled acts during the life of the conspiracy that showcased the relationship between co-conspirators was intrinsic evidence and therefore admissible). Accordingly, evidence of acts by unindicted co-conspirators in furtherance of the PTI conspiracy are intrinsic to the charged conduct and therefore admissible.

### iii. Defendant's Wife's Bribery Conviction

Lastly, the Court observes – and the parties agree – that the government's expressed intent to introduce evidence related to the Defendant's wife's 2012 does not implicate FRE 404(b). Nonetheless, when weighing the relevance of this evidence against its potential for undue prejudice, the Court finds that the fact that the Defendant's wife had previously been convicted of bribery should be excluded from evidence.

First, the Court notes that the Defendant was undoubtedly already aware of the methods of investigation used by law enforcement from his experience as an Assistant District Attorney. Defendant even stated in conversations intercepted by law enforcement that him and his co-conspirators phones may have been tapped. And to the extent the Defendant's prior experience with the federal investigation and prosecution against his wife informs or explains his conduct, the Court finds that this evidence can be presented by the government in a sanitized manner without referencing the Defendant's marital relationship with a defendant in the prior case. All told, the minimal probative value of providing the jury with the evidence that the Defendant's wife was convicted of a similar scheme is outweighed by the risk of undue prejudice, i.e. jurors believing that Defendant is guilty merely by virtue of his wife's conviction or that he and his family regularly engage in criminal conduct. The Court therefore finds this evidence to be inadmissible pursuant to Rule 403.

Accordingly, Defendant's MOTION IN LIMINE TO EXCLUDE 404(B) EVIDENCE is GRANTED in part and DENIED in part.

## II. Bill of Particulars

Defendant also requests the Government provide a written bill of particulars to certain charges in the Indictment to allow Defendant to prepare for trial. [Doc. 59]. Specifically, Defendant requests elaboration upon the following allegations in the Indictment: dates; individuals and companies (both named and unnamed) involved in the charged conduct; and the manner in which such conduct was accomplished. *Id.* Defendant asserts that such particulars are necessary because of

the complex nature of this case, pointing to the voluminous amount of discovery provided by the Government. *Id*. at pp. 6-8. In response, the Government first asserts that Defendant's motion is untimely and was filed without obtaining leave of court. [Doc. 68, p. 6]. The Government further contends that the Indictment "precisely tracks the language of the statutes, and [] puts the [D]efendant on notice of the nature of the charges against him." *Id.* at p. 9. Lastly, the Government responds to each of Defendant's requests, directing the Court's (and the Defendant's) attention to certain paragraphs of the Indictment and specifying what information was given to Defendant in discovery. *Id*. at pp. 11-19.

    a. *Governing Law*

"For an indictment to be sufficient, it must '(1) contain[] the elements of the offense charged; (2) fairly inform[] the defendant of the charges he must prepare to meet; and (3) enable[] a defendant to plead an acquittal or a conviction in bar to future prosecutions for the same offense.'" *United States v. Davis*, 53 F.4th 833, 845 (5th Cir. 2022). "The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Boswell*, 109 F.4th 368, 383-84 (5th Cir. 2024), *cert. denied,* 145 S. Ct. 780, 220 L. Ed. 2d 279 (2024). "It is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Kirkendoll,* 2025 WL 650327, at *8 (W.D. La. Feb. 26, 2025)*, citing United States v. Burgin,* 621 F.2d 1352, 1359 (5th Cir. 1980). "Whether to grant

a motion for a bill of particulars is in the sound discretion of the trial court." *Id., citing Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965).

      b. *Analysis*

Here, the Court denies Defendant's motion because the Indictment is sufficient to place Defendant on notice and allow him to adequately prepare for trial in this matter. To start, the Indictment clearly sets forth the elements of the charged offenses. *United States v. Fatty,* 2018 WL 3708660, at *6 (E.D. La. Aug. 3, 2018), *citing United States v. Ramirez,* 233 F.3d 318, 323 (5th Cir. 2000), *overruled on other grounds by United States v. Longoria,* 298 F.3d 367 (5th Cir. 2002) ("'Generally an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged[.]'").

Turning to the specific information requested by Defendant, the Government is not required to prove an exact date for the charged offenses. *United States v. Mata*, 491 F.3d 237, 243 (5th Cir. 2007) ("[T]he prosecution, as a consequence of the use of the 'on or about' designation, was not required to prove the exact date; it suffices if a date reasonably near is established."). For example, the Indictment's allegation that the bribery conspiracy began on or about January 11, 2021, and continued until on or about May 9, 2022, is sufficient and does not require further elaboration. [Doc. 1, p. 3].

Moreover, Defendant is not entitled to a list of the Government's witnesses pursuant to Rule 7 of the Federal Rules of Criminal Procedure. *States v. Pena*, 542 F.2d 292 (5th Cir. 1976). Regardless, witness lists by both the Government and

Defendant will be produced to the Court and filed in the record before or on September 3, 2025, pursuant to the Court's scheduling order. [Doc. 30, p. 3]. Nor is Defendant entitled to a list of all of his alleged co-conspirators. *United States v. Carrillo-Morones,* 564 F. Supp. 2d 703, 706 (W.D. Tex. 2008) ("Defendant is not entitled to the names or identities of unindicted co-conspirators."); *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) (emphasis added) ("A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses."). Nevertheless, the Government asserts that it does not intend to call any unindicted co-conspirators as witnesses. [Doc. 68, p. 12].

Likewise, "[t]here is no general requirement that the government disclose all of the overt acts it will prove in establishing a conspiracy charge in a bill of particulars. Thus, in an indictment for conspiring to commit an offense, where the conspiracy is the gist of the crime, it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." *United States v. Vaughan,* 2025 WL 890451, at *2 (E.D. Tex. Mar. 21, 2025), *citing U.S. v. Murray*, 527 F.2d 401, 411 (1976) and *U.S. v. Perez*, 489 F.2d 51, 70 (5th Cir. 1973). For example, the Government alleges that the Defendant accepted "money, property, and things of value," and later gives examples including an $80,000 dollar truck and another $40,000 payment. *See* [Doc. 1, ¶¶ 14A, 14B, 15C, 15G, 15H].[2] Under Fifth Circuit jurisprudence, these allegations are sufficient to place

---

[2] For Count 1, the Government does not have the burden to prove the type or number of things of value received by Defendant, meaning Defendant is not entitled to such

Defendant on notice. Moreover, the description of the services that Defendant allegedly provided to Franques' companies is clearly set forth in the Indictment: he required participants in the PTI program to obtain services from Franques' company. *See* [Doc. 1, ¶¶ 14A, 14B]. The same is true for the Indictment's description of Defendant's attempts to conceal the bribery conspiracy. *See* [Doc. 1, ¶¶ 15C, 15G].

Accordingly, Defendant is not entitled to particulars on the matters requested in his Motion. In so ruling, the Court also highlights the diminished value of a bill of particulars to Defendant at this stage of the proceedings, especially considering that this matter has been pending before the Court since September 18, 2024. [Doc. 1]. *See United States v. Dyer,* 136 F.3d 417, 425 (5th Cir. 1998) ("[D]elay in seeking a [bill of particulars] weighed heavily against the petitioner … [The] tardier the challenge, the more liberally and aggressively have indictments been construed so as to save them.").

Notwithstanding the specificity of the Indictment, the Court finds that the discovery in this matter also provides sufficient information for the Defendant to prepare for trial. *Fatty,* 2018 WL 3708660, at *6. *See also id., citing United States v. Elam,* 678 F.2d 1234, 1253 (5th Cir. 1982) ("When the information sought by a bill of particulars is contained in discovery materials furnished under Rule 16, no claim of prejudicial surprise can be sustained."). The Government has detailed to the Court much of the information provided to Defendant in discovery that bears upon his

---

information. The same is true for the proceeds from the money-laundering conspiracy charged in Count 5.

request for particulars.³  For example, the Government alleges it provided numerous calls in discovery that provide information on the specific manner in which Defendant allegedly engaged in money laundering.  [Doc. 68, p. 17]. Accordingly, Defendant's MOTION FOR BILL OF PARTICULARS AND INCORPORATED MEMORANDUM is DENIED.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's MOTION IN LIMINE TO EXCLUDE 404(B) EVIDENCE AND INCORPORATED MEMORANDUM [Doc. 55] is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant's MOTION FOR BILL OF PARTICULARS AND INCORPORATED MEMORANDUM [Doc. 59] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 19th day of August 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

³   The Government alleges, *inter alia,* that it provided discovery on the following topics: the names of other unindicted co-conspirators, [Doc. 68, p. 12]; what things of value Defendant solicited and accepted, *Id.* at p. 13; checks and financial information regarding the total value Defendant allegedly solicited and accepted, *Id.*; the favorable official action that Defendant allegedly provided or agreed to provide to companies owned and/or operated by Franques, *Id.*;  the names of companies that Franques owned and/or operated, *Id.* at 14; phone calls discussing how the conspiracy was concealed, *Id.*; the name of "Person #1," *Id.*; the 15th Judicial District Court's PTI Manual, *Id.;* the name of "Person #2," *Id.*; the names of participants in the PTI program, *Id.* at 15; case files from the PTI program, *Id.;* and details on Defendant's alleged attempt to perform to promote, manage, establish, and carry on unlawful activity, *Id.* at p. 16.